# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN VALDEZ, | CASE NO. 1:09-cv-00533-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| T. FORTE, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Screening Requirement

Plaintiff John Valdez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on March 20, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

1  (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
2  relief that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).
3  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
4  short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at
5  1949 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual
6  allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.
7  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by
8  mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

9        Under section 1983, Plaintiff must demonstrate that each defendant personally participated
10  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires
11  the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct.
12  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility
13  of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S. Ct. at 1949-50; Moss,
14  572 F.3d at 969.

15  **II.      Complaint Allegations**

16        Plaintiff is currently housed at North Kern State Prison.  The incidents alleged in the
17  complaint occurred while Plaintiff was incarcerated at Wasco State Prison ("WSP").  (Doc. 1,
18  Comp., pp. 7, 9.)  Plaintiff alleges that during his time at WSP he was subjected to cruel and unusual
19  punishment due to the withholding of phone privileges, minimal time to exercise and work, and
20  having no communication with his family.  (Id. at § IV.)  Plaintiff alleges that his counselor,
21  Defendant Forte, treated him unfairly, with bias, and lied to him.  Additionally, Defendant Forte did
22  not do anything in response to Plaintiff's grievances requesting that he be promptly transferred to
23  "a regular prison where there [is a] regular program and mental health services."  (Id.)

24        Plaintiff brings this action naming Defendants T. Forte, M. Gonder, E. Ramirez, and M. B.
25  Biter.  He is seeking compensatory damages of $85,000, proper mental health services, and "prompt
26  transfer to a mainline prison that fits [his] needs."  (Id. at § V.)

27  ///
28  ///

III. **Discussion**

    A.    **Eighth Amendment**

        1.    **Cruel and Unusual Punishment**

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)(citations omitted).

Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk.". Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

        2.    **Exercise**

Plaintiff alleges that he was provided with minimal time to exercise. Exercise is a basic need protected by the Eighth Amendment. Thomas, 611 F.3d at 1151. To deprive a prisoner of outdoor exercise during a period of long term, continuous segregation would violate the Eighth Amendment rights of the plaintiff. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996).

Plaintiff's conclusory allegation that he was given minimal time to exercise does not support a cognizable claim for a violation of the Eighth Amendment. There are no allegations supporting a claim that the opportunity for outdoor exercise provided to Plaintiff was so inadequate that it ran afoul of the Constitution, and there are no allegations linking the deprivation complained of to any of the named defendants. Plaintiff sought relief through the grievance process, but there is no indication that Defendant Forte or the other named defendants in receipt of his grievances had control over Plaintiff's exercise schedule and knowingly disregarded a substantial risk of harm to Plaintiff.

### 3. Other Privileges

Although Plaintiff alleges that while at the reception center, he did not have phone privileges or the usual visitation privileges, he was unable to hold a job, and he did not see his family, his complaint is devoid of facts to support a claim that conditions were sufficiently grave to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Further, Plaintiff fails to allege facts linking any of the named defendants to the knowing disregard of a substantial risk of harm to him. Farmer, 511 U.S. at 847.

### 4. Transfer

Plaintiff does not have a right under the Eighth Amendment, or under any other constitutional amendment, to be housed at a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Therefore the failure to transfer Plaintiff to another prison does not state a claim.

## B. Equal Protection

Although Plaintiff does not allege his right to equal protection was violated, the Court will address such a claim in light of his inclusion of the words unequal and bias in the complaint. (Doc. 1, § IV.) The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

The conclusory allegations of unequal treatment and bias are insufficient to state a cognizable claim. Plaintiff fails to allege any facts supporting a claim that he was intentionally discriminated against or treated differently than other similarly situated inmates.

## C. Relief Sought

Plaintiff brings this action seeking an injunction to be transferred to a different prison and

receive mental health services and damages for mental stress. Plaintiff's requests for injunctive relief are moot in light of his prison transfer and his claim for damages based on mental stress are barred by the Prison Litigation Reform Act. "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

## IV.    Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed March 20, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 8, 2010

UNITED STATES MAGISTRATE JUDGE