# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN VALDEZ, | CASE NO. 1:09-cv-00533-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| T. FORTE, et al., | (Doc. 10) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff John Valdez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on March 20, 2009. (Doc. 1.) The Magistrate Judge screened the complaint and dismissed it with leave to amend on October 12, 2010. (Doc. 9.) Currently before the Court is the first amended complaint, filed November 8, 2010. (Doc. 10.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.      Complaint Allegations**

Plaintiff is currently housed at Corcoran State Prison. The incidents in the complaint occurred while Plaintiff was incarcerated at Wasco State Prison ("WSP") reception center for processing. (Doc. 10, Amend. Comp., § IV.) Plaintiff alleges that during his time at WSP he was subjected to cruel and unusual punishment because he was deprived of exercise for several weeks to "scarcely at all" and physical therapy for ten months. (Id. at § IV.) He alleges his First Amendment rights to free speech were violated because he did not receive phone calls during his ten month stay at WSP. Plaintiff states that Defendant Forte, M. Gonder, and E. Ramirez denied his grievances. (Id., p. 4.)

Plaintiff complains that, because he a Coleman v. Schwarzenneger plaintiff, Defendants T. Forte, M. Gonder, E. Ramirez, and M. B. Biter violated his equal protection rights by knowingly and intentionally failing to transfer him to another facility where he would receive adequate mental health and health care services. (Id. at 4-5.) Additionally, the failure to transfer him to a different facility was in retaliation for his being covered under the Coleman remedial program plan. (Id. at

4.)

Plaintiff brings this action naming Defendants T. Forte, M. Gonder, E. Ramirez, and M. B. Biter. He is seeking compensatory damages of $85,000, and proper mental health and health care services. (Id. at § V.) As discussed below, Plaintiff cannot state a claim by making conclusory statements that a defendant violated his rights without linking the defendant to any specific act. Iqbal, 129 S. Ct. at 1949. Therefore, Plaintiff has failed to state a cognizable claim against any named defendant. The Court will allow Plaintiff one final opportunity to amend his complaint in compliance with this and the previous order issued October 12, 2010.

### III.     Remedial Plan

Plaintiff, an inmate with mental health issues, alleges that he was detained at WSP for more than ninety days, in violation of the consent decree in Coleman v. Schwarzenneger.[1] (Doc. 10, p. 4.) He is requesting proper mental health and medical services. (Id., § V.) To the extent that Plaintiff wishes to pursue an equitable claim based on defendants' violation of the Coleman consent decree, Plaintiff must pursue such claim through the consent decree or class counsel. Frost v. Symington, 197 F.3d 348, 359 (9th Cir. 1999). Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions that are the subject of an existing class action "must be made through the class representative until the class action is over or the consent decree is modified." McNeil v. Guthrie, 945 F.2d 1163, 1166 (10th Cir.1991). If Plaintiff wants to complain about a perceived failure to comply with the order in Coleman, he may contact the plaintiff's class counsel in Coleman.[2]

### IV.     First Amendment

#### A.     Visitation

Plaintiff alleges that he was denied phone calls with his family for ten months. (Doc. 11, p. 4.) Inmates have a First Amendment right to telephone access, subject to reasonable security

---

[1] The Court assumes Plaintiff is referring to the rulings under Coleman v. Schwarzenegger, No. 2:90-CV-00520-LKK-JFM, a class action concerning medical care in California's prisons.

[2] Counsel for the plaintiff class in Coleman is Donald H. Specter at the Prison Law Office, 1917 Fifth Street, Berkeley, CA 94710-1916.

3

limitation. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). However, Plaintiff has failed to allege that any named defendant participated in a denial of phone privileges or had control over his access to receive calls from his family. Therefore, he has failed to state a cognizable claim.

### B. Retaliation

To the extent that Plaintiff is attempting to state a claim of retaliation due to being covered under the remedial plan, he has failed to state a cognizable claim. A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Plaintiff's mental health issues, that cause him to be covered by the remedial plan, are not protected conduct that would be protected by the First Amendment.

## V. Eighth Amendment

### A. Cruel and Unusual Punishment

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk.". Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

#### 1. Exercise

Plaintiff alleges that he was provided with minimal time to exercise to "scarcely at all." (Doc. 10, § IV.) Exercise is a basic need protected by the Eighth Amendment. Thomas, 611 F.3d at 1151. To deprive a prisoner of outdoor exercise during a period of long term, continuous

segregation would violate the Eighth Amendment rights of the plaintiff. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996).

Plaintiff's alleges that he was given minimal time to exercise that lasted several weeks to scarcely at all is insufficient to state a cognizable claim for a violation of the Eighth Amendment. There are no allegations supporting a claim that the opportunity for outdoor exercise provided to Plaintiff was so inadequate that it ran afoul of the Constitution, Keenan, 83 F.3d at 1089, and there are no allegations linking the deprivation complained of to any of the named defendants, Jones, 297 F.3d at 934.

It appears that Plaintiff may have sought relief through the grievance process, but the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). There is no indication that Defendant Forte or the other named defendants in receipt of Plaintiff's grievances had control over Plaintiff's exercise schedule and knowingly disregarded a substantial risk of harm to Plaintiff. Farmer, 511 U.S. at 837, 844.

## 2.      **Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Plaintiff's allegation that he was denied physical therapy and mental health treatment for ten months is insufficient to state a cognizable claim. Plaintiff has failed to allege that any defendant was aware of his need for physical therapy or mental health treatment and knowingly disregarded a substantial risk of harm to Plaintiff. Farmer, 511 U.S. at 837, 844.

///

**VI.    Equal Protection**

Plaintiff alleges that he was held at WSP in violation of the consent decree, "thus, supporting an equal protection violation." (Doc. 10, p. 4.) An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff fails to identify other individuals that were treated differently than he was. Lee, 250 F.3d at 686; City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Additionally, Plaintiff fails to identify any act or omission by any individual defendant that would have violated his constitutional rights. To the extent that Plaintiff is attempting to state a claim on the failure to transfer him in compliance with the consent decree, he would need to pursue this action through class counsel as discussed above. Plaintiff's conclusory allegations that he was discriminated against without any purpose other than punishment is insufficient to state a cognizable claim.

**VII.   Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted one final opportunity to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

6

     Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

     Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed November 8, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   November 19, 2010

UNITED STATES MAGISTRATE JUDGE